ECF Nos. 2, 6

*NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | | |
|---|---|---|
| LARRY D. WILSON, | : | Civ. Action No. 22-6423 (RMB) |
| Petitioner | : | |
| v. | : | **OPINION** |
| WARDEN BAYSIDE STATE PRISON, | : | |
| Respondents[1] | : | |

RENÈE MARIE BUMB, CHIEF UNITED STATES DISTRICT JUDGE

This matter comes before the Court upon Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2254 (Pet., Dkt. No. 1), Petitioner's motion to appoint counsel (Mot. to Appoint Counsel, Dkt. No. 2), Respondents' motion to dismiss on timeliness grounds (Mot. to Dismiss, Dkt. No. 6), Petitioner's reply brief (Reply Brief, Dkt. No. 7), and Petitioner's amended reply brief (Am. Reply Brief, Dkt. No. 8). For the reasons set forth below, this Court will grant Respondents' motion to dismiss on timeliness grounds, subject to Petitioner's filing of a motion for reconsideration, if appropriate.

---

[1] On November 9, 2022, this Court substituted the State of New Jersey with the Warden of Bayside State Prison as a respondent in this matter. Petitioner also named the Attorney General of New Jersey as a respondent. (Order, ECF No. 3 at 1 n. 1.)

I.      PROCEDURAL HISTORY

On or about September 26, 2012, Petitioner was indicted by a grand jury in Camden County, New Jersey for murder and weapons charges. (Ex.1, Dkt. No. 6-5.) Approximately one year later, Petitioner pled guilty to one count of aggravated manslaughter in an amended indictment. (Exhibits 2, 3, and 24; Dkt. Nos. 6-6 and 6-7 and 6-28 at 3.) On October 25, 2013, the trial court sentenced Petitioner, in accord with the plea agreement, to 22-years' imprisonment without parole. (Ex. 3, Dkt. No. 6-7 at 1.)

At some time prior to June 6, 2014, Petitioner filed a *pro se* petition for post-conviction relief ("PCR") in the New Jersey Superior Court, Camden County, Law Division. (Ex. 4, Dkt. No. 6-8 at 1.) The PCR court appointed counsel to Petitioner, and counsel advised the court that Petitioner wished to withdraw his PCR petition. (*Id.*, Dkt. No. 6-8 at 2.) Thus, on June 10, 2014, Petitioner's PCR petition was withdrawn. (Ex. 5, Dkt. No. 6-9.)

On March 18, 2015, Petitioner sought direct appeal by filing a motion to file a notice of appeal as within time. (Ex. 6, Dkt. No. 6-10.) On May 29, 2015, the Appellate Division granted the motion and referred the matter to the New Jersey Public Defender's Office. (*Id.*) On August 12, 2015, Petitioner, represented by counsel, filed a renewed notice of appeal, case information statement, and filing time exemption. (Exhibits 7, 8, and 9; Dkt. Nos. 6-11, 6-12 and 6-13.) On January 12, 2016, Petitioner's appeal was heard by the Excessive Sentence Oral Argument Panel and was denied. (Ex. 10, Dkt. No. 6-14.) Petitioner filed a notice of petition for certification in the New Jersey Supreme Court on February 1, 2016. (Exhibit 11, Dkt. No. 6-15 at 2.) On May 6, 2016, the New Jersey Supreme Court denied Petitioner's petition for certification. (Ex. 13, Dkt. No. 6-17 at 1.)

Petitioner returned to the PCR Court, having withdrawn his previous PCR petition. Petitioner's *pro se* PCR petition was received by the PCR court on July 26, 2016. (Ex. 14, Dkt. No. 6-18.) On August 9, 2016, the Honorable Steven J. Polansky, J.S.C. assigned counsel to Petitioner. (Ex. 15, Dkt. No. 6-19.) Petitioner filed an amended PCR petition on January 3, 2017. (Exhibits 16 and 17, Dkt Nos. 6-20, 6-21.) On April 7, 2017, Judge Polansky denied Petitioner's amended PCR petition. (Ex. 18, Dkt. No. 6-22.) On or about November 29, 2017, Petitioner filed a notice of appeal and motion to file a notice of appeal as within time. (Exhibits 19, 20, 21, 22; Dkt. Nos. 6-23, 6-24, 6-25, and 6-26.) On December 21, 2017, the Appellate Division granted Petitioner's motion to file the notice of appeal as within time. (Ex. 23, Dkt. No. 6-27.) On February 22, 2019, the Appellate Division affirmed the denial of Petitioner's PCR petition. (Ex. 24, Dkt. No. 6-28.) On March 1, 2019, Petitioner filed a notice of petition for certification in the New Jersey Supreme Court. (Exhibit 25, Dkt. No. 6-29.) On September 10, 2019, the New Jersey Supreme Court denied Petitioner's petition for certification. (Ex. 27, Dkt. No. 6-31.) Petitioner placed his petition for writ of habeas corpus under 28 U.S.C. § 2254 in the prison mailing system for mailing to this Court on October 20, 2022. (Pet., Dkt. No. 1 at 13.)

## II.    DISCUSSION

### A.    Motion for Appointment of Counsel

Petitioner submitted a motion to appoint counsel (Mot. to Appoint Counsel, Dkt. No. 2) with his habeas petition. In support of his motion, Petitioner stated that he does not have the financial means to pay counsel, and he was represented by the New Jersey State Public Defender's Office in the state courts. (Certification, Dkt. No. 2-1.)

"There is no "automatic" constitutional right to counsel in a federal habeas corpus proceeding." *Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991) (citations omitted). District courts may appoint counsel to financially eligible persons under 18 U.S.C. § 3006A(a)(2)(B) when the interests of justice so require. The interests of justice do not require appointment of counsel where "the issues [are] 'straightforward and capable of resolution on the record[.]'" *Id.* at 264 (quoting *Ferguson v. Jones*, 905 F.2d 211, 214 (8th Cir. 1990)). As the following discussion reveals, the issues presented here are straightforward and capable of resolution on the record. Therefore, the Court denies Petitioner's motion for appointment of counsel.

B. **Respondents Seek Dismissal of the Petition as Untimely**

Respondents submit that this Court should dismiss Petitioner's habeas petition because it was filed beyond the one-year time limitation required by 28 U.S.C. § 2244(d). (Respts' Brief in Supp. of Mot. to Dismiss ("Respts' Brief"), Dkt. No. 6-1 at 9-10.) On May 6, 2016, the New Jersey Supreme Court denied Petitioner's petition for certification on direct appeal, and Petitioner acknowledged that he did not file a petition for writ of certiorari in the United States Supreme Court. (*Id.* at 16.) Thus, ninety days after May 7, 2016, or Friday, August 5, 2016, Petitioner's 90-day period for seeking certiorari expired. (*Id.*) Thus, his conviction became "final" for purposes of the one-year habeas limitations period in 28 U.S.C. § 2244(d)(1). (*Id.*) Petitioner's PCR petition was marked received on July 26, 2016, which tolled the one-year limitations period before any time expired after direct review ended. (*Id.* at 16-17.)

The PCR court denied Petitioner's PCR petition on April 7, 2017, at which time Petitioner had forty-five days, or until May 23, 2017, to file a timely appeal in the New

4

Jersey Superior Court, Appellate Division. (Respts' Brief, Dkt. No. 6-1 at 17.) Petitioner failed to do so. Therefore, his "habeas clock" started running on May 24, 2017. (*Id.*) Petitioner filed an untimely notice of appeal 189 days later, November 29, 2017, along with a notice of motion to file as within time. (*Id.*) Because the motion to file within time was granted, the habeas limitations period was tolled on November 29, 2017 through September 10, 2019, after the Appellate Division affirmed the PCR court's denial of his PCR petition, and the New Jersey Supreme Court denied Petitioner's petition for certification. (*Id.*) Beginning the next day, September 11, 2019, Petitioner's habeas clock restarted, with 176 days remaining to file a timely habeas petition, making his petition due by March 5, 2020. (*Id.* at 18.) Petitioner did not place his habeas petition in the prison mailing system until October 20, 2022, more than two years and seven months late. (*Id.*)

Respondents further submit that Petitioner has failed to show any circumstances warranting equitable tolling, despite Petitioner's contention that COVID-19 caused the prisons to shut down. (*Id.* at 18-19.) In this regard, Respondents contend that Petitioner failed to explain his diligent attempts to file his habeas petition and how COVID-19 restrictions in prison prevented him from timely submitting his habeas petition to the court. (*Id.* at 19-21.) Furthermore, Respondents argue that Petitioner has not explained what he meant by the "collateral consequences rule" not being applicable in New Jersey, or how this relates to his ineffective assistance of counsel claims in his habeas petition. (*Id.* at 21.)

    **C.**    **Petitioner Seeks Equitable Tolling of the Limitations Period**

Petitioner responded to Question No. 18 on his habeas petition form regarding the timeliness of his petition:

> The COVID situation pretty much shut everything down, prior to COVID, I was transfer [sic] to several prisons not by my

5

> choice and the constitutional rights protect me from the collateral consequences rule not being applicable in New Jersey. It must apply with my ineffective assistance of counsel claims.

(Pet., Dkt. No. 1 at 13). Petitioner submitted a reply brief to Respondents' answer, which agrees with Respondents' recitation of the dates of his relevant state court filings and further addresses the merits of his habeas claims.[2] (Reply Brief, Dkt. No. 7.)

Petitioner also submitted an amended reply brief, seeking equitable tolling of the habeas statute of limitations. (Am. Reply Brief, Dkt. No. 8.) Petitioner does not contest Respondents' argument that his habeas petition was filed after expiration of the one-year habeas limitations period. (*Id.*) He seeks equitable tolling based on the COVID-19 restrictions in prison. (*Id.* at 2.) Petitioner states that he has been diligent in his "legal affairs" despite his learning disabilities and limited legal knowledge. (*Id.*) He claims there were periods of time during the global pandemic when the New Jersey Department of Corrections shut down the prison law libraries, leaving him without access to legal research or a typewriter or word processor. (*Id.*) The prisons' COVID-19 restrictions hindered his ability to seek assistance from an inmate paralegal. (*Id.*) Petitioner asserts that no one will be harmed by allowing this matter to go forward. (*Id.* at 3.) Finally, Petitioner states, "[i]n addressing the collateral consequences Rule/Doctrine that is illegal in not being applicable presently in the State of New Jersey, Jurisprudence System." (*Id.* at 2.)

---

[2] In his reply brief, Petitioner discusses the "collateral consequences doctrine" in terms of whether defense counsel has an obligation to inform a defendant of the collateral consequences of his guilty plea. (Reply Brief, Dkt. No. 7 at 3-4, citing *State v. Edoo*, 2013 N.J. Super. Unpub. LEXIS 1077 (App. Div. May 7, 2013); *State v. Wheeler*, 2014 N.J. Super. Unpub. LEXIS 1097 at *1 (App. Div. May 13, 2014).

**D.     Legal Standard**

The statute of limitations period for filing a petition for writ of habeas corpus under 28 U.S.C. § 2254 is set forth in 28 U.S.C. § 2244(d), which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

"Under § 2244(d)(1)(A), a state court criminal judgment becomes 'final,' and the statute of limitations begins to run, 'at the conclusion of review in the United States Supreme Court or when the time for seeking certiorari review expires.'" *Jones v. Morton*, 195 F.3d 153, 157 (3d Cir. 1999) (quoting *Kapral v. United States*, 166 F.3d 565, 575 (3d Cir. 1999)).  Section 2244(d)(2) provides a tolling mechanism for the one-year limitations period

7

when properly filed PCR proceedings are pending. "The time that an application for state postconviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, provided that the filing of the notice of appeal is timely under state law." *Evans v. Chavis*, 546 U.S. 189, 191 (2006) (citing *Carey v. Saffold*, 536 U.S. 214 (2002)).

"Section 2244(d)(2)'s tolling mechanism looks forward, not backward, and a state court's acceptance of an appeal 'as within time' does not rewind AEDPA's one-year clock." *Martin v. Adm'r New Jersey State Prison*, 23 F.4th 261, 264 (3d Cir.), *cert. denied sub nom. Martin v. Johnson*, 143 S. Ct. 257 (2022). For example, in *Martin*, the Third Circuit held that a PCR petition was not "pending" for the period between "the last day that [the petitioner] could have timely appealed, but did not" and "the day on which [the petitioner] moved to file his PCR appeal 'as within time.'" 23 F.4th at 272.

There is another avenue for tolling the one-year habeas statute of limitations, equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling is generally appropriate "when the petitioner has 'in some extraordinary way . . . been prevented from asserting his or her rights.'" *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003) (quoting *Miller v. New Jersey State Dep't of Corr.*, 145 F.3d 616, 618 (3d Cir. 1998)). A petitioner bears the burden of establishing two elements for equitable tolling to apply: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The diligence required is reasonable diligence. *Holland*, 560 U.S. at 653. Determining whether a petitioner has exercised "reasonable diligence" is a "fact-specific" inquiry and "depends on the circumstances faced by the particular petitioner." *Munchinski v. Wilson*, 694 F.3d 308, 331 (3d Cir. 2012). "Maximum

8

feasible diligence" is not required, but neither is it permissible for a petitioner to "sleep[] on his rights." *Id.* at 332 (citations omitted). Further, "[t]he fact that a petitioner is proceeding pro se does not insulate him from the 'reasonable diligence' inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling." *Ross v. Varano*, 712 F.3d 784, 799–800, 802 (3d Cir. 2013) (citations omitted).

The second element of equitable tolling, extraordinary circumstances, may be found where: "'(1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, or (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum.'" *Johnson v. Hendricks*, 314 F.3d 159, 162 (3d Cir. 2002) (quoting *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001)). "In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." *Merritt v. Blaine*, 326 F.3d 157, 169 (3d Cir. 2003) (quoting *Fahy*, 240 F.3d at 244). "In addition, for a petitioner to obtain relief there must be a causal connection, or nexus, between the extraordinary circumstances he faced and the petitioner's failure to file a timely federal petition." *Ross*, 712 F.3d at 803. In the COVID-19 context, "a petitioner must establish that he was pursuing his rights diligently and that the COVID-19 pandemic specifically prevented him from filing his motion." *Henry*, 2020 WL 7332657, at *4 (W.D. Pa Dec. 14, 2020) (citing *Pace*, 544 U.S. at 418) *certificate of appealability denied*, No. 21-1285, 2021 WL 3669374 (3d Cir. June 3, 2021).

### E. Analysis

The parties do not dispute that Petitioner filed his habeas petition after expiration of the one-year limitations period in § 2244(d). The record demonstrates the habeas petition was untimely filed because the limitations period was not tolled for more than two years between

9

September 11, 2019, the end of PCR proceedings, and October 20, 2022, when the habeas petition was filed pursuant to the prison mailbox rule. *See*, *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998) ("a *pro se* prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court.")  Thus, Petitioner must establish equitable tolling before the Court can address the merits of his petition.

To determine whether Petitioner met his burden to establish reasonable diligence in pursuing habeas relief, the Court must first consider the circumstances Petitioner faced.  As discussed above, his *pro se* prisoner status and ignorance of the law alone do not excuse a lack of reasonable diligence.  Petitioner mentions having learning disabilities but does not disclose what his learning disabilities are or how it affected his ability to timely file a habeas petition.

For equitable tolling to apply, a petitioner may not sleep on his rights.  A prospective habeas petitioner must be diligent in discovering how much time remains on the habeas statute of limitations.  *See*, *Ross*, 712 F.3d at 800 (quoting *Doe v. Menefee*, 391 F.3d 147, 177 (2d Cir. 2004) ("Given that we expect *pro se* petitioners to know when the limitations period expires ... such inadvertence on Doe's part cannot constitute reasonable diligence."))  The time remaining in a petitioner's one-year habeas limitations period is a relevant factor in his exercise of reasonable diligence.  *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005) ("LaCava knew that he had just over three months remaining on the one-year limitations period to file a timely federal habeas petition.")  There was nothing preventing Petitioner from requesting legal assistance to determine the habeas statute of limitations period long before the COVID-19 restrictions were imposed in the New Jersey prisons.  Petitioner had 176 days remaining to file his habeas petition on September 11, 2019, when his state court proceedings ended.

Petitioner has not asserted that he took any steps to diligently pursue his right to file a timely habeas petition. The lack of access to legal assistance or a typewriter or word processor beginning in early 2020 is not an extraordinary circumstance that precluded Petitioner from taking any steps to protect his right to file a habeas petition. Under this Court's local civil rules, a habeas petitioner need only submit a handwritten, properly completed form, supplied by the Clerk of Court. *See*, District of New Jersey Local Civil Rule 81.2. The form directs habeas petitioners not to cite law, only the facts that support their claims. (*see e.g.*, Pet., Dkt. No. 1.) Once the habeas petition is filed, a petitioner can seek an extension of time to file a memorandum of law. It appears that two years passed from the end of Petitioner's state court proceedings without Petitioner taking any action to safeguard his right to file a timely habeas petition.

Petitioner also asserts that the Court must address the merits of his habeas petition based on the collateral consequences rule or doctrine. This appears to relate to the merits of Petitioner's ineffective assistance of counsel claim. (*See*, Reply Brief, Dkt. No. 7.) The Court is not aware of any precedent that requires a federal habeas court to address the merits of an untimely habeas claim that alleges ineffective assistance of counsel at the plea stage.

This Court will grant Respondents' motion to dismiss the petition as untimely. However, reconsideration of this Court's order granting Respondents' motion to dismiss is appropriate if Petitioner can allege additional facts concerning his efforts to file a timely habeas petition and the obstacles that prevented him from doing so; or if Petitioner can cite controlling authority concerning application of the collateral consequences doctrine to an untimely habeas claim.

### III.    CERTIFICATE OF APPEALABILITY

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  28 U.S.C. § 2253(c)(1). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El*, 537 U.S. at 327.

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Reasonable jurists would not find debatable this Court's ruling that equitable tolling of the statute of limitations is not warranted because Petitioner did not diligently pursue his right to file a timely § 2254 habeas petition.  Accordingly, no certificate of appealability shall issue at this time.

### IV.    CONCLUSION

For the reasons discussed above, the Court will grant Respondents' motion to dismiss the habeas petition on timeliness grounds.

An appropriate order
follows. Date:  June 20, 2023

                                                <u>s/Renée Marie Bumb</u>
                                                **RENÉE MARIE BUMB**
                                                **United States District Judge**